| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **VIRGIN OIL COMPANY, INC.** | § | **Case No. 09-11899** |
| | § | |
| **Debtor.** | § | **Section "A"** |
| | § | |
| **CIT CAPITAL USA, INC.** | § | |
| | § | |
| **Plaintiff** | § | |
| v. | § | **Adversary No. _____** |
| | § | |
| **VIRGIN OIL COMPANY, INC., AND** | § | |
| **VIRGIN OFFSHORE, U.S.A., INC.** | § | |
| | § | |
| **Defendants.** | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

CIT Capital USA, Inc. ("CIT"), Plaintiff herein, alleges as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter pursuant to U.S.C. §§ 157 and 1334 as this adversary proceeding arises under, arises in, and/or and relates to the chapter 11 bankruptcy case of *In re Virgin Oil Company, Inc.*, Case No. 09-11890, currently pending in the United States Bankruptcy Court for the Eastern District of Louisiana.

2. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1408 and 1409(a).

3. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## PARTIES

4. Plaintiff CIT is, and at all times relevant herein was, a corporation organized under the laws of the State of Delaware.

5. Plaintiff is informed and believes and on that basis alleges that defendant Virgin Oil Company ("Virgin Oil" or the "Debtor") is, and at all relevant times herein was, a corporation organized under the laws of the State of Louisiana. At all relevant times herein, Virgin Oil had its principal place of business in the State of Louisiana, and regularly transacted, and continues to transact, business in the State of Louisiana.

6. Plaintiff is informed and believes and on that basis alleges that defendant Virgin Offshore U.S.A., Inc. ("Offshore") is, and at all relevant times herein was, a corporation organized under the laws of the State of Louisiana. At all relevant times herein, Offshore had its principal place of business in the State of Louisiana, and regularly transacted, and continues to transact, business in the State of Louisiana.

## GENERAL ALLEGATIONS

**A.   The Debtor's Business and Debt Structure**

7. On June 25, 2009 (the "Petition Date"), an involuntary petition for relief was filed against the Debtor. On August 20, 2009, the Court entered an order for relief against the Debtor under Chapter 7 of the Bankruptcy Code, and on August 26, 2009, the Court entered an order converting the case to Chapter 11.

8. The Debtor owns, and to a limited extent operates, certain offshore oil and gas properties. Offshore is the Debtor's wholly owned subsidiary. Robert Fulton Smith is the president and control person for both the Debtor and Offshore.

9. While the Debtor alleges that Offshore operates certain of its properties, Offshore has no employees with which to conduct any operations, and has never functioned as an operator. Rather, as indicated by the Debtor's schedules, it is the Debtor's assets and employees which have been utilized for any of the business operations of Offshore.

10. As of the Petition Date, the Debtor was indebted to CIT, as administrative agent on behalf of CIT and Whitney National Bank ("Whitney"), in the amount of approximately $36 million, pursuant to (i) an asset based revolving loan facility (the "First Lien Credit Facility") secured by a first lien on all of the Debtor's right, title, and interest in the Debtor's oil and gas leases (the "Mortgaged Properties") and all personal property directly related thereto, including any production and proceeds of production, and (ii) a term loan facility (the "Second Lien Credit Facility" and together with the First Lien Credit Facility, the "Credit Facility") secured by a second lien on the Debtor's interest in the Mortgaged Properties and all personal property directly related thereto, including any production and proceeds of production.

11. All obligations of the Debtor to CIT, including those debts under the Credit Facility, are secured by a valid and perfected security interest in substantially all of the assets of the Debtor, including but not limited to the Mortgaged Properties, and the proceeds and products thereof, whether tangible or intangible (collectively the "Prepetition Collateral").

12. CIT's security in the Prepetition Collateral was perfected by timely filing UCC-1 Financing Statements, mortgages and other documents in the proper forums, and taking all other steps necessary to protect its security interest.

13. Accordingly, CIT holds a valid and perfected first and second lien on and security interest in all of the Debtor's Prepetition Collateral.

### B. Unrecorded Alleged "Working Interest" Holders

14. Mr. Smith utilized Offshore primarily to raise funds to develop the Debtor's properties. In order to raise funds, Mr. Smith would allegedly sell "working interests" in the oil and gas properties that he had reserved and not pledged to his senior lenders. Those "working interests" were sold to various third parties to whom the Debtor refers to as "investors." Upon information and belief, those interests were allegedly sold and effectuated by the execution of assignment letters between Offshore and the respective third parties.

15. Despite alleged execution of the assignment letters, none of the third party "investors" have recorded any of these purported assignments. Rather, representatives of the Debtor, including Mr. Smith, have indicated that Offshore maintains record title to the various properties as "nominee" for the third party investors even though the assignment letters do not have a provision that requires Offshore to maintain record title to the assigned interest. There is no documentation between Offshore and the third party "working interest" holders establishing or governing such a relationship.

### C. The Empire Lease

16. On June 14, 2004, the Debtor acquired an 85% interest in State Lease 18165, otherwise known as the "Empire" lease. The assignment conveying the 85% interest to the Debtor was recorded, and Offshore currently holds record title to the remaining 15% interest in the Empire lease. In connection with the Credit Facility, the Debtor mortgaged to CIT its 85% interest in the Empire lease.

17. In the spring of 2008, Mr. Smith made a request to CIT to release its lien on 35% of the Debtor's interest in the Empire lease as part of a plan to assign "working interests" in the lease to third parties in order to raise capital necessary to drill a well in connection with the

Empire lease. At the time, the Debtor did not have sufficient funds to develop the Empire lease. CIT indicated a willingness to consent to this lien release upon certain conditions, one of which included that *the Debtor would bear no cost associated with the drilling of the well*. CIT also requested that the Debtor provide CIT with the underlying documentation related to the proposed assignment of interests to third parties so that CIT could confirm that the development would be at no cost to the Debtor.

18. Thereafter, over the course of several months, the parties discussed the terms under which a release of lien would be provided by CIT. At each turn, CIT insisted that a pre-condition of a release of lien would be confirmation that the costs of drilling operations at Empire *would not be borne by the Debtor*. While Mr. Smith did indicate in various e-mail correspondence that development of the Empire lease would be at "no cost" to the Debtor, an agreement was never reached and no documentation ever executed. Moreover, the Debtor was never able to demonstrate that development of the Empire lease was in fact at *no cost to the Debtor.*

19. Despite CIT's first lien and the lack of an agreement to release it, pursuant to letters dated July 10, 2008, Offshore purported to assign 50% of the Empire lease to third parties. Those assignment letters represent that Offshore owned 100% of the Empire lease even though, as of July 10, 2008 (and likewise today), Offshore only held record title to its 15% of the Empire lease, as the Debtor owned and mortgaged to CIT, the remaining 85%.

20. In late summer of 2008, the Debtor and/or Offshore began the process of drilling a well on the Empire lease. The initial well was unsuccessful, and thereafter, without consulting CIT, the Debtor and/or Offshore drilled a second well at Empire. As demonstrated by the Debtor's Amended Schedules, the drilling of the Empire wells were anything but "no cost to the

Debtor." Rather, the Debtor incurred substantial debt related to the Empire lease, and ultimately was forced into bankruptcy as a result of that debt.

21. Because no valid assignment has ever been made from the Debtor to Offshore of the 35% interest necessary to effectuate a transfer of a 50% interest in the Empire lease to third party "working interest" holders, the third party "working interest" holders cannot maintain a title claim to 50%. Rather, the Debtor maintains an 85% interest in the Empire lease, and CIT maintains a first priority lien on that 85% interest.

22. Despite clear record title ownership of an 85% interest in the Empire lease, and despite the pledge of that 85% interest to CIT, the Debtor, at the direction of Mr. Smith, has disavowed the Debtor's full ownership interest in the Empire lease in schedules and pleadings filed with this Court. Instead, Mr. Smith, the Debtor and Offshore have taken the position that CIT somehow released its lien on a portion of the Empire lease, and that title to that portion of the Empire lease is somehow vested in Offshore, for the benefit of the third party alleged "working interest" owners.

## FIRST CLAIM FOR RELIEF

### [Declaratory Relief to Determine Interest in Property]
### [F.R.B.P. Rule 7001(2) and 7001 (9)]

23. Plaintiff realleges the allegations set forth in paragraphs 1 through 22 inclusive, and incorporates them herein by this reference.

24. A substantial and actual justiciable controversy exists between the parties regarding the validity, nature and extent of their ownership interests in the Empire lease.

25. CIT, the Debtor, and Offshore each have adverse legal interests.

26. It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to the validity, nature and extent of each of the Defendants' ownership interest in the Empire lease.

27. Accordingly, CIT seeks an order that (i) the Debtor has record title and an interest in 85% of the Empire lease, and (ii) Offshore has record title and an interest in 15% of the Empire lease.

## SECOND CLAIM FOR RELIEF

### [Declaratory Relief to Determine Validity, Priority or Extent of Lien]
### [F.R.B.P. Rule 7001(2) and 7001(9)]

28. Plaintiff realleges the allegations set forth in paragraphs 1 through 27 inclusive, and incorporates them herein by this reference.

29. A substantial and actual justiciable controversy exists between the parties regarding the validity and extent of CIT's first and second priority liens on the Debtor's interest in the Empire lease.

30. CIT, the Debtor, and Offshore each have adverse legal interests.

31. The dispute regarding the validity, priority or extent of CIT's first and second priority liens on the Debtor's interest in the Empire lease is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

32. Accordingly, CIT seeks an order that it has a valid and perfected first and second priority lien on the Debtor's 85% interest in the Empire lease.

33. CIT reserves the right to further amend the Complaint to state additional facts and claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against Defendants as follows:

1. For an order declaring that:

    (a) Virgin Oil Company, Inc. has record title and an interest in 85% of the Empire Lease;

    (b) Virgin Offshore, U.S.A., Inc. has record title and an interest in 15% of the Empire Lease; and

    (c) CIT has a valid and first priority lien in Virgin Oil Company, Inc.'s 85% interest in the Empire Lease.

2. For such other and further relief as the Court deems just and proper.

Dated: July 13, 2010

Respectfully submitted,

By: ___/s/ *Brent R. McIlwain*___
Robert W. Jones (Texas State Bar No. 10951200)
Brent R. McIlwain (Texas State Bar No. 24013140
Kristen N. Beall (Texas State Bar No. 24059049)
PATTON BOGGS, LLP
2000 McKinney Avenue, Suite 1700
Dallas, Texas 75201
Direct: 214-758-6602
Fax: 214-758-1550

and

By: ___/s/ *David F. Waguespack*___
David F. Waguespack (LA State Bar No. 21121)
CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, Louisiana 70163
Direct: (504) 585-3814
Fax: (504) 585-3801
***Attorneys for CIT Capital USA Inc.***

PLEASE ISSUE SUMMONS TO:

VIRGIN OIL COMPANY, INC.
Through its agent for service of process:
Robert F. Smith
909 Poydras Street
Suite 2200
New Orleans, LA  70112

AND

VIRGIN OFFSHORE, U.S.A., INC.
Through its agent for service of process:
Robert F. Smith
909 Poydras Street
Suite 2200
New Orleans, LA  70112

Counsel for VIRGIN OIL COMPANY, INC.
Leo D. Congeni
424 Gravier Street
New Orleans, LA  70130

Counsel for VIRGIN OFFSHORE, U.S.A., INC.
Douglas S. Draper
Heller, Draper, Hayden, Patrick & Horn, LLC
650 Poydras Street
Suite 2500
New Orleans, LA  70130-6103

**CERTIFICATE OF SERVICE**

This is to certify that service of this document has been made on the 13th day of July, 2010 by electronic service through the Court's transmission facilities upon those persons listed as recipients of electronic notice on the Notice of Electronic Filing document generated by the Court's System at the time of the filing of this document.

Jeffrey M. Burmaster on behalf of Creditor Spirit Drilling Fluids, Ltd.; Spirit Completion Fluids, Ltd.
jburmaster@kingkrebs.com

Leo D. Congeni on behalf of Debtor Virgin Oil Company, Inc.
LeoCongeni@bellsouth.net

Michael A. Crawford on behalf of Creditor Dynamic Energy Services, LLC
mike.crawford@taylorporter.com

James P. Doré on behalf of Creditor Fidelity Working Capital
jim.dore@keanmiller.com, shannon.duroncelet@keanmiller.com

Carl Doré on behalf of Creditor Weatherford International, Inc.
carldore@doreassociates.com, kevin@doreassociates.com

J. David Forsyth on behalf of Creditor Helis Oil & Gas Company, LLC
jdf@sessions-law.com, mob@sessions-law.com

John Marston Fowler on behalf of Creditor Action Oilfield Services, Inc.
marston@jmfowlerlaw.com, jmire@eatel.net

S. Ault Hootsell on behalf of Creditor Laborde Marine, LLC
hootsela@phelps.com, crombiet@phelps.com

George B. Jurgens on behalf of Creditor Spirit Completion Fluids, Ltd.
gjurgens@kingkrebs.com, gchristian@kingkrebs.com

Benjamin Kadden on behalf of Counter-Defendant Baker Hughes Oilfield Operations, Inc.
bkadden@lawla.com, sgale@lawla.com

Troy P. Majoue on behalf of Creditor RLI Insurance Company
tmajoue@qsclpc.com

Mark Mintz on behalf of Creditor Cal Dive International, Inc.
mmintz@joneswalker.com

Stewart F. Peck on behalf of Creditor Wood Group Pressure Control, LP
speck@lawla.com

Emile L. Turner on behalf of Counter-Claimant Virgin Oil Company, Inc.
eltjr01@bellsouth.net

Office of the U.S. Trustee
USTPRegion05.NR.ECF@usdoj.gov

Arthur A. Vingiello on behalf of Creditor Century Exploration New Orleans, Inc.
avingiello@steffeslaw.com

David F. Waguespack on behalf of Creditor Whitney National Bank
waguespack@carverdarden.com, docket@carverdarden.com, plaisance@carverdarden.com

E. Kathleen Shahan on behalf of the U.S. Department of Justice
Kathie.shahan@usdoj.gov, Pamela.d.huff@usdoj.gov


**I HEREBY FURTHER CERTIFY** that the above and foregoing document has been served via U.S. mail, postage prepaid and properly addressed, on the 13th day of July, 2010, on the following persons:

**Office of the U.S. Trustee**
Eastern District of Louisiana
Texaco Center
400 Poydras Street, Suite 2110
New Orleans, LA  70130-3238

**U.S. Department of Justice**
E. Kathleen Shahan
1100 L Street, NW - Room 10026
Washington, D.C. 20005

**U.S. Department of Justice**
Pamela D. Huff
1100 L Street, NW - Room 10000
Washington, D.C. 20005

**Laborde Marine, LLC**
c/o S. Ault Hootsell, III
Phelps Dunbar, LLP
365 Canal Street, Suite 2000
New Orleans, LA  70130

**Cal Dive International, Inc.**
c/o Elizabeth J. Futrell
Jones, Walker, Waechter, Poitevant, Carrere & Denegre, LLP
201 St. Charles Avenue, 49th Floor
New Orleans, LA 70170

**Cal Dive International, Inc.**
c/o Mark A. Mintz
Jones, Walker, Waechter, Poitevant, Carrere & Denegre, LLP
201 St. Charles Avenue, 49th Floor
New Orleans, LA 70170

**El Paso Corporation**
c/o Michael J. McGinnis
1001 Louisiana, Suite E2751D
Houston, TX 77002

**Action Oilfield Services, Inc.**
c/o Pegram J. Mire, Jr.
Dugas, LeBlanc & Mire, LLC
510 South Burnside Avenue, Suite A
Gonzales, LA 70737

**Action Oilfield Services, Inc.**
c/o J. Marston Fowler
Law Office of J. Marston Fowler
212 Laurel Street
Baton Rouge, LA 70801

**Fidelity Working Capital, LLC**
**formerly known as BrooksGreenblatt, LLC**
c/o Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, LLP
P.O. Box 3513
18th Floor, One American Place
Baton Rouge, LA 70821

**CapRock Communications, Inc.**
c/o Alan B. Aronowitz
4400 S. Sam Houston Parkway E.
Houston, TX 77048

567708

**CIT Capital USA Inc.**
c/o Robert Jones
Patton Boggs LLP
2001 Ross Avenue, Suite 3000
Dallas, TX 75201

**Weatherford International, Inc.**
c/o Carl Doré, Jr.
Doré & Associates, Attorneys, PC
17171 Park Row, Suite 350
Houston, TX 77084

**RLI Insurance Company**
c/o  Martin P. Averill
     Timothy A. York
     Troy Majoue
Quilling, Selander, Cummiskey & Lownds, PC
2001 Bryan Street, Suite 1800
Dallas, TX 75201

**Century Exploration New Orleans, Inc.**
c/o  Gerald F. Slattery, Jr. and
     Emile J. Dreuil, III
Schully, Roberts, Slattery & Marino
1100 Poydras Street, Suite 1800
New Orleans, LA 70163

**Century Exploration New Orleans, Inc.**
c/o Arthur A. Vingiello
Steffes, Vingiello & McKenzie, LLC
13702 Coursey Boulevard, Building 3
Baton Rouge, LA 70817

**Spirit Drilling Fluids, Ltd. and**
**Spirit Complete Fluids, Ltd.**
c/o George B. Jurgens, III
King, Krebs & Jurgens, PLLC
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170

**Spirit Drilling Fluids, Ltd. and**
**Spirit Complete Fluids, Ltd.**
c/o Jeffrey M. Burmaster
King, Krebs & Jurgens, PLLC
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170

**Whitney National Bank**
c/o David F. Waguespack
Carver, Darden, Koretzky, Tessier, Finn, Blossman & Areaux, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163

**Dynamic Energy Services, LLC**
c/o Michael A. Crawford
Taylor, Porter, Brooks & Phillips, LLP
P.O. Box 2471
Baton Rouge, LA 70821-2471

**Helis Oil & Gas Company, LLC**
c/o J. David Forsyth
Sessions, Fishman, Nathan & Israel, LLP
201 St. Charles Avenue, Suite 3815
New Orleans, LA 70170

**Talen's Marine & Fuel, LLC**
c/o Matthew D. McConnell
700 St. John Street, Suite 401
Lafayette, LA 70501

**Reconstituted UCC List:**
Helis Oil & Gas Company, LLC
Attn: Michael F. Schott
228 St. Charles Avenue, Suite 912
New Orleans, LA 70130

**Helmer Directional Drilling, Inc.**
Attn: Richard F. Helmer
P.O. Box 1670
Gretna, LA 70054

**Baker Hughes Oilfield Operations, Inc.**
Attn: Christopher J. Ryan
2929 Allen Parkway, Suite 2100
Houston, TX 77019

**Crosby Tugs, LLC**
Attn: James A. Cobb
P.O. Box 279
Golden Meadow, LA 70357

**Sun Drilling Products Corp.**
Attn: Michael P. Cook
503 Main Street
Belle Chasse, LA 70037

By: /s/ *David F. Waguespack*
David F. Waguespack

4813-9146-1894, v. 2