UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS, LOUISIANA

| | |
|---|---|
| In re: | Chapter 11 |
| VIRGIN OIL COMPANY, INC. | Case No. 09-11899 |
| Debtor. | Section "A" |

CIT CAPITAL USA, INC

  Plaintiff

v.                  Adversary No. 10-01068

VIRGIN OIL COMPANY, INC.;
VIRGIN OFFSHORE, USA, INC.
RANGER SPECIALTY & SUPPLY, LLC, *et al*

  Defendants.

### RANGER SPECIALTY & SUPPLY, LLC'S ORIGINAL ANSWER TO THE FIRSTAND SECOND AMENDED COMPLAINT
[Related Docket Nos. 15 and 45]

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

**RANGER SPECIALTY & SUPPLY, LLC,** ("Ranger"), formerly Ranger Specialty Supply & Control Systems, LLC, files this Answer to the First and Second Amended Complaints [Docket Nos. 15 and 45] (the "Complaint") filed by CIT Capital USA, Inc. ("CIT") and in support would respectfully show until the Court the following:

#### Answer

  1.  Ranger admits the allegations contained in paragraph 1 of the Complaint.

  2.  Ranger admits the allegations contained in paragraph 2 of the Complaint.

  3.  Ranger admits the allegations contained in paragraph 3 of the Complaint.

4. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 4 of the Complaint.

5. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 5 of the Complaint.

6. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 6 of the Complaint.

7. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 7 of the Complaint.

8. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 8 of the Complaint.

9. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 9 of the Complaint.

10. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 10 of the Complaint.

11. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 11 of the Complaint.

12. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 12 of the Complaint.

13. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 13 of the Complaint.

14. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 14 of the Complaint.

15. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 15 of the Complaint.

16. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 16 of the Complaint.

17. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 17 of the Complaint.

18. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 18 of the Complaint.

19. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 19 of the Complaint.

20. Ranger admits the allegation contained in paragraph 20D, however, Ranger is without sufficient knowledge or information to form a believe as to the truth of all of the allegations set forth in paragraph 20 and paragraphs 20A through 20I inclusive of the Complaint.

21. Paragraph 21 does not contain any allegations and, therefore, Ranger is not required to respond.

22. Ranger admits the allegations contained in paragraph 22 of the Complaint.

23. Ranger admits the allegations contained in paragraph 23 of the Complaint.

24. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 24 of the Complaint

25. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 25 of the Complaint.

26. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 26 of the Complaint.

27. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 27 of the Complaint.

28. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 28 of the Complaint.

29. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 29 of the Complaint.

30. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 30 of the Complaint.

31. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 31 of the Complaint.

32. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 32 of the Complaint.

33. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 33 of the Complaint.

34. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 34 of the Complaint.

35. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 35 of the Complaint.

36. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 36 of the Complaint.

37. Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint. Therefore, Ranger denies the allegations contained in paragraph 37 of the Complaint.

38. With respect to paragraph 38 of the Complaint, Ranger admits that it asserts a lien claim against the Empire Lease. However, Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations concerning the other "Empire Lien Claimants" and, therefore, denies the allegations contained in paragraph 38 of the Complaint with respect to those claimants.

39. As paragraph 39 of the Complaint realleges the previous allegations in paragraphs 1 through 22, it does not require a response.

40. With respect to paragraph 40 of the Complaint, Ranger admits that Ranger, the Plaintiff and Defendants Virgin Oil Company, Inc., and Virgin Offshore USA, Inc. have differing opinions regarding the validity, nature and extent of their ownership interests in the Empire lease. However, Ranger is without sufficient knowledge or information to form a belief as to the truth

of the allegations concerning the other parties and, therefore, denies the allegations contained in paragraph 40 of the Complaint with respect to those parties

41. With respect to paragraph 41 of the Complaint, Ranger admits that Plaintiff and Defendants Virgin Oil Company, Inc. and Virgin Offshore USA, Inc. Each have adverse legal interests with Ranger. However, Ranger is without sufficient knowledge or information to form a belief as to the truth of the allegations concerning the other Empire Lien Claimants and, therefore, denies the allegations contained in paragraph 41 of the Complaint with respect to those Empire Lien Claimants.

42. With respect to paragraph 42 of the Complaint, Ranger admits that Plaintiff seeks a declaration from the Court regarding the actual rights and obligations of the parties but is without sufficient knowledge or information to form a belief as to the substance of the allegations set forth therein.

43. With respect to paragraph 43 of the Complaint, Ranger admits that Plaintiff seeks the relief detailed therein but is without sufficient knowledge or information to form a belief as to the substance of the allegations set forth therein.

44. As paragraph 44 of the Complaint realleges the previous allegations in paragraphs 1 through 27, it does not require a response.

45. With respect to paragraph 45 of the Complaint, Ranger admits that Plaintiff seeks the relief detailed therein, but denies that any lien rights Plaintiff has are superior to those of Ranger.

46. With respect to paragraph 46 of the Complaint, Ranger admits that Plaintiff and Defendants Virgin Oil Company, Inc. and Virgin Offshore USA, Inc., each have adverse legal interests with Ranger. However, Ranger is without sufficient knowledge or information to form

a belief as to the truth of the allegations concerning the other Empire Lien Claimants and, therefore, denies the allegations contained in paragraph 46 of the Complaint with respect to those Empire Lien Claimants.

47. With respect to paragraph 47 of the Complaint, Ranger admits that the Court's determination regarding the validity, priority or extent of the lien claims on the Empire Lease are of sufficient immediacy and reality to warrant a declaratory judgment, but denies that any lien rights Plaintiff has are superior to those of Ranger.

48. With respect to paragraph 48 of the Complaint, Ranger admits that Plaintiffs seek the relief detailed therein but is without sufficient knowledge or information to form a belief as to substance of the allegations set forth therein.

49. Paragraph 49 of Complaint is a reservation of rights and therefore does not require a response.

50. With respect to the WHEREFORE paragraph of the Complaint and the Prayer for Relief, Ranger admits that Plaintiff seeks the relief detailed therein but is without sufficient knowledge and information to form a belief as to the validity of the CIT lien or that CIT has a first priority lien in Virgin Oil Company's 85% interest in the Empire Lease.

51. Any and all allegations in the Complaint not specifically addressed above are hereby expressly denied.

### CLAIM #1 - Declaratory Judgment to Determine
### Validity, Priority or Extent of Lien

1. Ranger asserts a valid, timely filed and properly perfected mineral lien against the Empire Well, leasehold and property in the amount of $150,916.14, exclusive of interest, fees or

costs (the "Lien"). Said Lien attaches and encumbers the entire leasehold working interest in the Empire Lease and associated leases, property and rights.

2. First, Ranger seeks a determination that Virgin Oil Company, Inc. (The "Debtor") is indebted to Ranger for the total amount of their Lien.

3. Ranger further seeks a determination that the Lien secured by the Empire Lease and related assets securing its claim is valid, enforceable, timely filed and fully perfected. To the extent permitted under 11 U.S.C. §506(b), Ranger seeks a determination that it is entitled to interest and reasonable attorney's fees and costs.

### CLAIM #2 - Determination of Allowed Secured Claims

4. Following the determination of the extent, validity and priority of Ranger's Lien under Louisiana law, Ranger seeks a determination under 11 U.S.C. §506, of the amount of its allowed secured claim and the allowed secured claim of CIT with respect to the Empire Lease.

5. Ranger hereby reserves the right to assert additional claims and/or to supplement the claims asserted herein.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, **Ranger Specialty & Supply, L.L.C.**, respectfully requests that this court deny the relief requested in the Complaint together with its attorney's fees and costs, requests that the Bankruptcy Court enter judgment in their favor, and or such other relief to which it may be justly entitled.

DATED: November 16, 2010.

Respectfully submitted,

By: _/s/ Michael F. Miley_
Michael F. Miley
LA Roll No. 22834

DeBaillon & Miley
PO Box 51387
Lafayette, LA 70505
Telephone (337) 237.0598
Fax (337) 233.8867
mfmiley@debaillonmiley.com

ATTORNEYS FOR RANGER
SPECIALTY & SUPPLY, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all parties via the Court's CM/ECF system or via United States First Class Mail, postage prepaid, on the 24th day of November, 2010

Michael F. Miley